## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

MANETIRONY CLERVRAIN,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No. 7:20cv00645
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀**MEMORANDUM OPINION**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
KELLY THOMPSON MERCER,⠀⠀⠀)⠀⠀⠀⠀By:  Hon. Thomas T. Cullen
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀⠀United States District Judge
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀)

Manetirony Clervrain, proceeding *pro se*, filed this civil action while housed in the Moore Detention Center in Okmulgee, Oklahoma.[1]  Clervrain names Kelly Thompson Mercer as the sole defendant to this action, but he does not allege any facts against or conduct committed by Mercer.  The details of Clervrain's complaint are difficult to decipher.  Like complaints he has filed in many other courts across the country, his complaint in this action is largely incomprehensible and contains many legal labels and conclusions, but few factual assertions.  *See e.g.*, *Clervrain v. Dunlap*, No. 1:20cv404, 2020 U.S. Dist. LEXIS 203443, 2020 WL 6393904 (D. Me. Nov. 2, 2020); *Clervrain v. Schimel*, No. 4:20cv538, 2020 U.S. Dist. LEXIS 197498, 2020 WL 6262122 (E.D. Mo. Oct. 23, 2020); *Clervrain v. Way*, No. 2:20cv540, 2020 U.S. Dist. LEXIS 118719, 2020 WL 3790691 (N.D. Ala. Jul. 7, 2020); *Clervrain v. Albence*, No. 3:20cv3105 (C.D. Ill. Apr. 29, 2020).  As one court recently noted, "while Clervrain's cases name different defendants, they are all essentially 'jabberwocky.'"  *Clervrain v. Marín*, No. 20cv925, 2020 U.S. Dist. LEXIS 164600, at *2-6 (S.D. Cal. Sep. 9, 2020) (citing *Clervrain v.*

---

[1] Clervrain has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and the court will grant that motion.

*Wilson*, No. 2:20cv2061, 2020 U.S. Dist. LEXIS 72228, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020)).

As with many other courts reviewing Clervrain's cases, the court is unable to determine what cause(s) of action Clervrain is alleging against the named defendant or what relief he seeks. See Fed. R. Civ. P. 8(a) ("A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."); *see also Clervrain v. Rosado*, No. 1:20-CV-0389-TJM-CFH, 2020 U.S. Dist. LEXIS 137316, 2020 WL 4434867 (N.D.N.Y. Aug. 3, 2020) ("The Court is unable to discern what facts or claims Plaintiff seeks to present in his complaint, whether the Court has jurisdiction over the action, whether the Northern District of New York is the proper venue for this action, what parties Plaintiff seeks to include as defendants, whether Plaintiff has commenced identical actions in other federal courts, whether the named-defendant is a proper party in this action, and the time-frame for any alleged violations of any federal rights or laws, and thus the complaint must be dismissed."); *Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 U.S. Dist. LEXIS 109561, 2020 WL 3424893 (W.D. Mich. June 23, 2020) (same).

Where a complaint "lacks an arguable basis . . . in law," the court may dismiss it *sua sponte* as frivolous or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Legally frivolous claims are those claims based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). Finding that Clervrain's complaint is legally frivolous and fails to allege any

facts which would state a cognizable federal claim against the named defendant, the court will

dismiss Clervrain's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

      **ENTERED** this 13th day of November, 2020.

*/s/ Thomas T. Cullen*

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE